IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **RICHARD DUANE SAWYER,** | ) | 1:08-CV-0836-WMW HC |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING |
| | ) | PETITIONER TO FILE |
| vs. | ) | AMENDED PETITION ON |
| | ) | PROPER FORM AND |
| | ) | NAMING CORRECT |
| UNKNOWN, | ) | RESPONDENT |
| | ) | |
| Respondent. | ) | THIRTY DAY DEADLINE |
| | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights

action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.

In this case, Petitioner has not utilized the form required for filing a section 2254 petition in this court. Further, the petition which Petitioner filed is illegible. Because the court cannot read the petition, it cannot proceed to review it.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Although Petitioner is currently in the custody of the California Department of Corrections, the Department cannot be considered the person having day-to-day control over Petitioner.

In this case, petitioner names "Unknown" as Respondent. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, in this case, the court will give petitioner the opportunity to cure his defect by amending the petition to name a proper respondent. See, West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

Based on the above, IT IS HEREBY ORDERED as follows:

1) The Clerk of the Court is directed to send Petitioner a copy of the form for filing a 28 U.S.C. Section 2254 petition in this court;

2) Petitioner is directed to utilize the form for filing a 28 U.S.C. Section 2254 petition to file a first amended petition in this court within thirty days of the date of service of this order;

3) Petitioner shall name the correct Respondent in his first amended petition;

4) Petitioner's failure to timely file a first amended petition on the correct form and naming the correct Respondent will result in the dismissal of this case for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **July 14, 2008**              /s/  **William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE