IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD DUANE SAWYER,** | 1:08-CV-0836-AWI WMW HC |
| Petitioner, | **ORDER DISMISSING PETITION WITHOUT PREJUDICE** |
| vs. | |
| **UNKNOWN,** | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.

Petitioner filed his original petition in case on June 16, 2008, and the court granted Petitioner permission to proceed in forma pauperis on July 10, 2008. On July 14, 2008, the court entered an order in which it found that the petition was illegible and was not filed on the correct form. The court further found that Petitioner had failed to name the correct respondent. The court therefore ordered Petitioner to file a first amended petition within thirty (30) days, utilizing the correct form and naming the correct respondent. Petitioner did not timely respond to the court's order. Therefore, on October 21, 2008, the Magistrate Judge entered findings and recommendations, recommending that this action be dismissed for failure to comply with a court order. Petitioner's copy of that order was returned by the United States Postal Service with a notation that it was not deliverable.

On November 11, 2008, Petitioner filed a first amended petition, utilizing the correct form. Unfortunately, much of the writing on the form is done by hand, and much of it is illegible. Much of what is legible is incomprehensible. For example, in identifying the nature of the offenses involved, Petitioner has typed his response but writes only: "They slandered me and my daughters name that loves me like my two boys love me and there mom. And loves being in church with us. The Sherrifs [sic] lied said I was invading [sic] a peace officer when he [illegible] praying and giving Easter candy to my son Rodney from Paster [sic] John Montez phone 559-897-1449." The court cannot address a habeas petition if, as here, it cannot determine what convictions Petitioner challenges.

More importantly, the portion of the form in which Petitioner is to set forth his grounds for relief is hand-written and is illegible. As previously stated to Petitioner in the court's order of July 14, 2008, because the court cannot read the petition, it cannot proceed to review it. The court has given Petitioner two chances to provide the court with a legible petition which it can review. Petitioner has failed to do so. The court has no option but to dismiss this petition.

Based on the above, IT IS HEREBY ORDERED as follows:

1) The findings and recommendations entered October 21, 2008, are vacated;

2) The petition for writ of habeas corpus is DISMISSED without prejudice; and

3) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated: January 16, 2009**         /s/ Anthony W. Ishii
                                    CHIEF UNITED STATES DISTRICT JUDGE